MIGUEL ARCIENEGA V. JOHN RIDDLE.

See this case as to a bill of review.

Appeal from Bexar.

*V. E. Howard*, for appellant.

*I. A. & G. W. Paschal*, for appellee.

LIPSCOMB, J.   The plaintiff became indebted to the defendant in the sum of $1160 80, and, to secure the payment thereof, conveyed to him divers lots and parcels of land in and adjacent to San Antonio, and also three negro slaves ; and, at the same time, the said defendant executed and delivered his bond to the plaintiff, binding himself to reconvey the said property on the payment of the sum above stated at a stipulated time. Subsequently the plaintiff executed a release of all equity of redemption on the bond, and acknowledged the deed before mentioned to be absolute.   The plaintiff was indebted to the defendant by another note for $1190.   The sum of seven hundred and sixty-two dollars and fifty cents was paid to Wilson J. Riddle, who seems, from the evidence of record, to have been the man of business in conducting the sale of merchandize, upon which the debt accrued.   The defendant, in the

abundance of caution, had the deed for the lands foreclosed as a mortgage, and purchased them for five hundred dollars. He had previously taken the negroes into possession, and they had eloped, and made their way into Mexico, where they remained; and, from the circumstances in evidence, the probability is strong, that they had eloped with the privity, if not by the procurement, of the plaintiff, who was then in Mexico. This suit was brought by the plaintiff about three years after the decree of foreclosure, for the purpose of reviewing that decree and setting it aside, and for the value of the three slaves, on the alleged ground, that the decree had been procured by the fraud of the present defendant, Riddle, and that the release of the equity of redemption, secured by the bond to reconvey, had also been procured by the fraud of the said defendant. The greater portion of the appellant's brief is taken up to support the position that the Statute did not run in favor of the decree, because it was procured through fraud ; and the greater part of the appellee's argument, submitted, goes to show that the decree was final and could not be reviewed, on the ground among others, and the most prominent, that it was barred. It is singular that so much time should have been devoted by both parties to this question, when it was not presented by the defendant as a defence, neither by demurrer, plea or answer. If it had been set up, it is clear that it would have been conclusive as a defence, even if it was amitted that fraud would prevent the interposition of the statutory bar ; because there was an entire failure of proof to sustain the alleged fraud. The Court below treated the deed as a mortgage, and sustained the decree of foreclosure and the sale made under it. In this we believe the Court did not err, not however upon the ground that the release of the equity of redemption had been procured by the fraud of the defendant, but because the defendant had so regarded it himself, in the proceedings to procure its foreclosure, and could not be permitted afterwards to gainsay it. The Court below, in its decree, charged the defandant with the

value of the slaves, with the payment made to Wilson Riddle, with the amount for which the property sold under the decree of foreclosure, and set off these amounts against the whole indebtedness of Riddle upon the two notes, giving a balance in favor of the appellant of $27 54-100 for which a decree was rendered in his favor, with his costs. As the case was presented, we can perceive no error in the decree of the Court below, against the appellant, but it is not so clear, but the Court did err in his favor. In giving the appellant the value of the slaves, the Court acted upon the hypothesis that they were lost to him by the Act of the defendant. This conclusion can hardly be sustained from the evidence, as the most reasonable conclusion, to be drawn therefrom is, that they run off from the defendant, with the privity and consent of the appellant. The evidence, however, was not clear of conflict, and if the jury had found otherwise, it is not so clear that it would have given the defendant a right to a new trial. In this case, the facts were acted upon by the Judge, a jury having been waived; and his finding is entitled to the same consideration that a verdict of the jury would have been. But we are relieved from all difficulty upon this question, because, whether it was error or not, the defendant below has not appealed, the decree must therefore be affirmed.

Judgment affirmed.